IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GARY APPLE                                                    PLAINTIFF

v.                              CIVIL NO. 08-3004

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                DEFENDANT

<u>**MEMORANDUM OPINION**</u>

Plaintiff Gary Apple  brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of the Social Security Administration (Commissioner)

denying his claim for period of disability and disability insurance benefits (DIB) under the

provisions of Title II of the Social Security Act (Act).  In this judicial review, the court must

determine whether there is substantial evidence in the administrative record to support the

Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.       Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on January 31, 2005,

alleging an inability to work since January 15, 2003, due to chronic and severe bilateral shoulder

osteoarthritis with resultant pain, chronic intractable muscle spasms and cramps in shoulders,

carpal tunnel syndrome, depression and anxiety. (Tr. 13-14, 133-135, 152).  For DIB purposes

plaintiff maintained insured status through December 31, 2007.  (Tr. 133).  An administrative

hearing was held on October 4, 2006. (Tr.  349-385).

By written decision dated March 7, 2007, the ALJ found that during the relevant time

period plaintiff had an impairment or combination of impairments that were severe. (Tr. 21).

However, after reviewing all of the evidence presented, he determined that plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 21). The ALJ found plaintiff retained the residual functional capacity (RFC) to sit for six hours in an eight-hour workday; to stand and/or walk for six hours in an eight-hour workday; and to lift and carry twenty pounds occasionally with his dominant right arm/hand, ten pounds with his non-dominant left arm/hand; to frequently lift and carry ten pounds with his dominant right arm/hand, less than ten pounds with his non-dominant left arm/hand; to occasionally operate hand controls with his dominant right hand/arm, but never operate hand controls with his non-dominant left hand/arm; and to frequently finger and grasp bilaterally. (Tr. 21). The ALJ found plaintiff could not bilaterally reach above shoulder level. Regarding a mental impairment, the ALJ found plaintiff had some limitations but maintained a satisfactory ability to maintain attention and concentration and to deal with routine work stresses. (Tr. 21). With the help of a vocational expert, the ALJ determined plaintiff could perform other work as an assembler. (Tr. 22).

Plaintiff then requested a review of the hearing by the Appeals Council, which denied that request on November 27, 2007. (Tr. 4-7). Subsequently, plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 2). Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. 7,8).

## II.   Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

-2-

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

### III.  **Discussion:**

After reviewing the record, the undersigned is particularly troubled by the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,*

AO72A
(Rev. 8/82)

353 F.3d 642, 646 (8th Cir. 2003).  "Under this step, the ALJ is required to set forth specifically

a claimant's limitations and to determine how those limitations affect her RFC."  *Id*.

In determining plaintiff maintained the ability to perform light work with limitations, the

ALJ stated he relied heavily on the Medical Source Statement completed by consultative

examiner, Dr. Robert C. Thompson.  (Tr. 19).  A review of the record reveals, after examining

plaintiff on May 26, 2006, Dr. Thompson completed a Medical Source Statement of Ability to

Perform Work-Related Activities (Physical) opining plaintiff could lift and carry up to twenty

pounds occasionally with his right arm/hand, up to ten pounds occasionally with his left

arm/hand; and that he could never push/pull/operate controls with his left arm/hand but could

occasionally push/pull/operate hand controls with his right arm/hand.  (Tr. 305-306).  The ALJ

included the limitations on operating hand controls in the RFC determination; however, he failed

to address Dr. Thompson's finding that plaintiff could never push/pull with his left arm/hand and

could only occasionally push/pull with his right arm/hand.

When determining RFC, the ALJ must identify plaintiff's functional limitations or

restrictions and assess his work-related abilities on a function-by-function basis, including the

functions of sitting, standing, walking, lifting, carrying, pushing and pulling.  *Depover v.

Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003); S.S.R. 96-8p, 1996 WL 374184, at *1; 20 C.F.R.

§§404.1545, 416.945.  While the ALJ states he relied heavily on Dr. Thompson's opinion, the

ALJ failed to address Dr. Thompson's opinion indicating plaintiff's limitations regarding

pushing and pulling when determining the RFC and proposing a hypothetical question the to

vocational expert.  We believe remand is necessary so that the ALJ can address plaintiff's

AO72A
(Rev. 8/82)

limitations regarding pushing and pulling and to determine what impact these functional losses have upon plaintiff's RFC.

While on remand, we strongly suggest the ALJ direct interrogatories to Dr. S. Ashfaq Hasan asking him to review plaintiff's medical records and complete a RFC assessment regarding plaintiff's capabilities during the time period in question.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.  Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED  this 8th day of January 2009.

/s/   *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)

AO72A
(Rev. 8/82)